**James LENT, Plaintiff,**

v.

**FASHION MALL PARTNERS, L.P., Simon Property Group, L.P., Defendants/Third–Party Plaintiffs,**

v.

**Brookstone Company, Inc., Burns International Security Services Corporation, Pinkerton's Inc., Western World Insurance Company, Tudor Insurance Company and Lumberman's Mutual Casualty Co., Third–Party Defendants.**

**No. 01 CIV. 6325(SCR).**

United States District Court, S.D. New York.

June 29, 2004.

John David Josel, Silver Golub & Teitell, L.L.P., Stamford, CT, for Plaintiff.

John W. Manning, Rubin, Fiorella & Friedman LLP, White Plains, NY, Lawrence M. Berkeley, Stein, Bliabilas, McGuire, Pantages & Gigl, New York City, for Defendants/ThirdParty Plaintiffs.

Yolanda L. Ayala, Morris, Duffy, Alonso & Faley, Alyson M. Sciacca, Marin Goodman, New York, NY, for ThirdParty Defendants.

### ORDER

ROBINSON, District Judge.

Pursuant to the scheduling order in this matter, the Plaintiff has disclosed to the Defendants that John Roberts, a security expert from Savannah, Georgia, will testify as to the applicable standards of safety at "The Westchester" shopping center in White Plains, New York, where the alleged incident occurred. Upon receiving such disclosure, the Defendants noticed the deposition of Mr. Roberts. The Defendants also notified the Plaintiff that they would agree to pay Mr. Roberts's hourly fee of $100 per hour, but indicated that because Mr. Roberts is located in Savannah, Georgia, the Defendants would not pay for his travel expenses or his travel time to and from the deposition. Further, the Defendants indicated that they would not pay for Mr. Roberts's preparation time for the deposition.

Federal Rule of Civil Procedure 26(b)(4)(C), which is applicable to this issue, provides in relevant part that:

> Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision[.]

The question in the current case is whether the phrase "reasonable fee" includes (1) the travel expenses and travel time of Mr. Roberts incurred getting to the New York area; and (2) Mr. Robert's preparation time. The Plaintiff argues that it is the deposing attorney's responsibility to pay an expert witness's travel expenses, travel time and preparation time, but the Plaintiff has not cited this Court to any binding precedent that would support his position. Further, the district court cases that were cited by the Plaintiff do not completely support the propositions for which the Plaintiff cites them. For example, in *The Mark Andrew of the Palm Beaches v. GMAC*, 2003 WL 21767633 *2, 2003 U.S. Dist. Lexis 13217 *6 (S.D.N.Y. 2003), which is cited with approval by the Plaintiff, the court held that there was:

> *no reason to burden defendant with more [than] the time for the deposition and preparation time of twenty hours.* The travel time—which is found in a claim of nearly 20 hours—should not be separately billable for two reasons. First, *plaintiff chose a West Coast expert and should not be reimbursed for the time spent traveling here,* and in any case there was no reason why she could not have used some of her time on the flight to prepare." *Id.* (emphasis added).

Further, in the *The Mark Andrew* decision, the court noted that it was "aware of no precedent, however, that supports the forced payment for travel time of nearly twenty hours without any showing that equally skilled local experts are unavailable." *Id.,* n. 3.[1]

The Plaintiff should be free to select the expert of his choice, regardless of where that expert is located. However, the Defendants should not be forced to pay the increased costs associated with the Plaintiff's decision to engage an expert from another part of the country—Georgia. This is particularly true when the Plaintiff has not made a showing, or even claimed, that no acceptable security experts were available in the New York area. With respect to the Plaintiff's demand that the Defendants pay for Mr. Roberts's time spent preparing for the deposition, Rule 26(b)(4)(C) clearly contemplates remuneration for time spent responding to discovery requests, which would include reasonable preparation for a deposition.

Accordingly, this Court hereby orders the Defendants to pay the following costs associated with the deposition of Mr. Roberts: (a) Mr. Roberts's reasonable travel expenses from any of the New York City metropolitan area airports ("New York Airport") to the site of the deposition[2]; (b) Mr. Roberts's reasonable travel time from (1) the New York Airport to the deposition and (2) the deposition back to the New York Airport; and (c) Mr. Roberts's reasonable preparation time for the deposition. The Plaintiff shall pay all of the other travel expenses and travel time of Mr. Roberts, including without limitation his roundtrip airfare and travel time from Georgia to the New York area.

It is so ordered.

---

1. The court in *The Mark Andrew* did direct the defendant to pay for the plaintiff's expert's airfare; however, this Court most respectfully disagrees with that aspect of the decision.

2. The deposition of Mr. Roberts shall be conducted at (a) either the Plaintiff's counsel's office or the Defendant's counsel's office; or (b) such other location agreed upon by all of the parties.